UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-61155-CV-COOKE
(95-06031-CR-COOKE)
MAGISTRATE JUDGE REID

TRACY TURNER,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE RE RECOMMENDING LIFTING STAY AND DENYING OF MOTION TO VACATE

### I.  Introduction

Movant, a federal prisoner, filed this Motion to Vacate pursuant to 28 U.S.C. §2255, challenging the constitutionality of his enhanced sentence as a career offender, entered in **Case No. 95-06031-CR-COOKE.** He argued that he is entitled to relief from his sentence as a career offender that was imposed pursuant to the sentencing guidelines.

Initially it was recommended that the Motion be dismissed as successive [ECF No. 5], however before the report was adopted the Eleventh Circuit granted Movant leave to file a successive § 2255 motion. [ECF No. 12]. The Court appointed counsel, and at the direction of Eleventh Circuit the matter was stayed pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). [ECF Nos. 18, 20]. On March 6, 2017, the Supreme Court unanimously agreed in *Beckles* that the advisory United States Sentencing Guidelines were not

1

subject to a void for vagueness challenge under Due Process Clause. *See Beckles* 137 S. Ct. at 894.

This Cause was been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

In his sole ground for relief, Movant argues that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) his enhanced sentence as a career offender is unlawful, and he is therefore entitled to vacatur of his sentence and a resentencing hearing without the enhancement.

## II.  Threshold Issue-Lifting Motion to Stay

Movant filed this Motion to Vacate his sentence arguing he no longer qualifies as a career offender. He contends that his prior convictions no longer qualify as predicate offense because the residual clause contained in the career offender enhancement provisions of the Sentencing Guidelines is virtually identical to the residual clause held deemed void for vagueness in *Johnson*.

In the Order staying this case the parties were directed to immediately notify the Court upon the issuance of the Supreme Court's decision in *Beckles*. When neither party did so, an Order directing them to do so was issued. [ECF No. 23]. Both parties have since filed status updates.

Since the Supreme Court has decided *Beckles* and the parties have updated their arguments, the stay should be lifted, and this case be reopened as it is now ripe for review.

## III. Procedural History

Movant was convicted of conspiracy to possess with intent to distribute cocaine base, and two counts of possession with intent to distribute cocaine base. [CR-ECF No. 102]. He was sentenced as a career offender to concurrent 360 months sentences on each count. [*Id*.]. His

conviction was affirmed on November 7, 1997. [CR ECF No. 142]. The Supreme Court denied certiorari.

Movant filed a prior *pro se* motion to vacate attacking his conviction in 95-6031-CR-Cooke. The motion, assigned case no. 99-6267-CV-RYSKAMP, was denied on the merits on February 8, 2000. [CR-ECF No. 159]. Movant attempted to revive the case in 2004 by filing an amended motion relating back to his original motion to vacate. [99-06267-CV-RYSKAMP, ECF No. 16]. His efforts were unsuccessful. [99-06267-CV-RYSKAMP, ECF No. 18]; His requests for relief pursuant to Rule 60(b), Fed. R. Civ. P., and 18 U.S.C. § 3582(c)(2), were also rejected. [CR ECF Nos. 183, 193, 205, 228, 234, 245, 266, 272, 276, 293, 300, 303, 340, 345].

Movant filed another Section 2255 motion to vacate on June 18, 2014 in case number 14-61439-CV-RYSKAMP. He sought to set aside his conviction and sentence under Section 2255(f)(3) pursuant to *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013). That motion was dismissed as successive with directions to Movant that he file an application with the Eleventh Circuit should he desire to file a successive motion. [14-61439-CV-RYSKAMP, ECF Nos. 6, 9].

Movant filed yet another motion in case number 15-61640-Civ-RYSKAMP. In that motion he argued that based on newly discovered evidence he could establish that he was actually innocent. The motion was dismissed as successive and the movant was again advised to apply to the Eleventh Circuit if he should desire to file a successive motion. [15-61640-CV-RYSKAMP, ECF No. 11, 20].

He has now filed a fourth Motion attacking his conviction in case number 95-6031-CR-COOKE. The Eleventh Circuit granted leave to file this successive motion. [ECF No. 12]. As noted

3

above, he argues that his sentence should be vacated in light of *Johnson*. He acknowledges that he was sentenced under the sentencing guidelines as a career offender rather than as an armed career criminal.

## IV.    Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. §2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). It is also well-established that a § 2255 motion may not be a substitute for a direct appeal. *Id*. at 1232 (*citing United States v. Frady*, 456 U.S. 152, 165, (1982)). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . ."

The Eleventh Circuit promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." *Frady*, 456 U.S. at 152; *see also McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Mills v. United States*, 36 F.3d 1052, 1055

4

(11th Cir. 1994). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. This is because "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (*quoting Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted)).

In addition, the party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The Eleventh Circuit recognizes "that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. *Id.*

## V. Timeliness

The instant motion was filed on May 17, 2016. More than one year elapsed from the time his conviction became final until the movant returned to this court to file this § 2255 motion. Movant suggests that this federal proceeding was timely instituted because it was filed within a year of the Supreme Court's decision in *Johnson*. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitations applies to a motion under the section. The one-year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion

created by governmental action in violation of the
Constitution or laws of the United States is removed, if the
movant is prevented from filing by such governmental
action;

(3)     The date on which the constitutional right asserted was
initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(4)     The date on which the facts supporting the claim or claims
could have been discovered through the exercise of due
diligence.

*See* 28 U.S.C. §2 255(f); *see also Pruitt v. United States*, 274 F.3d 1315, 1317 (1Cir. 2001);

*Bousley v. United States*, 523 U.S. 614 (1998) (new substantive <u>not</u> constitutional rule applies

retroactively on collateral review, finding that the issue there was the product of statutory

interpretation and not constitutional determinations that place particular conduct covered by a

statute beyond the State's power to punish). The burden of demonstrating that the AEDPA's one-

year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the

movant. *See e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

      1.    <u>**Section 2255(f)(1)**</u>.

      Under § 2255(f)(1), as discussed above, Movant's conviction became final in October

1998**,** when the Supreme Court denied *certiorari*. Movant had one year from the time his

conviction became final within which to timely file this successive collateral proceeding. This

Motion was not filed until after the one-year federal limitations expired. Therefore, movant cannot

rely on § 2255(f)(1) to establish the timeliness of this Motion.

2.    __Section 2255(f)(3).__

For purposes of timeliness, however, the inquiry is not at an end. Pursuant to § 2255(f)(3), Movant claims the motion is timely because it was instituted less than one year from the issuance of the Supreme Court's decision in *Johnson*. In granting leave to file this successive § 2255 motion the Eleventh Circuit determined that *Johnson* may be retroactively applicable to Movant and there is no question that the Supreme Court made *Johnson* retroactively applicable to cases on collateral review. *See Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

However, the *Johnson* decision is not applicable to the movant's career offender sentence. Movant was not enhanced as an armed career criminal, but rather as a career offender. In light of *Beckles* Movant is not entitled to relief under *Johnson*.

In *Beckles* the Supreme Court determined that the advisory United States Sentencing Guidelines were not subject to a void for vagueness challenge under Fifth Amendment Due Process Clause. Therefore, Movant, who is challenging his career offender sentence under the guidelines, cannot utilize *Johnson* to circumvent the timeliness of this federal proceeding. Thus, even if he were not time-barred, he would not be entitled to relief under *Johnson*.

## VI. Merits of *Johnson* Claim

After the Supreme Court decided *Johnson*, the Eleventh Circuit held that *Johnson* did not render the residual clause of the career-offender guideline unconstitutional because the vagueness doctrine does not apply to advisory guidelines. *See Matchett v. United States*, 802 F.3d 1185, 1194–96 (11th Cir. 2015). Later the Supreme Court also held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles* 137 S.Ct. at 895.

However, neither *Matchett* nor *Beckles* answered whether the vagueness doctrine applies to mandatory guidelines. *See id*. at 903 n.4 (Sotomayor, J., concurring) (noting that the Supreme Court's adherence to the distinction between mandatory and advisory rules leaves open the question whether defendants sentenced under the mandatory guidelines may mount vagueness attacks on their sentences). Because Movant was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), when the guidelines were still mandatory, *Matchett* and *Beckles* left open the possibility that Movant could challenge the residual clause of the mandatory guidelines on vagueness grounds.

At this point Movant's claim is foreclosed by controlling Eleventh Circuit precedent. The Eleventh Circuit has extended the holding of *Matchett* to the mandatory guidelines. *See In Re Griffin*, 823 F.3d 1350, 1354 ("[T]he logic and principles established in *Matchett* also govern our panel as to movant's guidelines sentence when the Guidelines were mandatory."). The court held that "[t]he Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *Id*.

Movant, through counsel, recognizes *Griffin* but argues that it is not controlling. He argues that *Griffin* is not controlling because: (1) it was decided in response to an application to file a second or successive § 2255 motion; and (2) *Beckles*, which was decided after *Griffin*, undermines *Griffin* to the point of abrogation. Movant's arguments must be rejected for two reasons.

Movant's contention that *Griffin* is not controlling because it was decided in response to an application to file a successive § 2255 motion is unavailing. The Eleventh Circuit has held that the "law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the

context of applications for leave to file second or successive § 2255 motions are binding precedent on all subsequent panels of this Court, including those reviewing direct appeals and collateral attacks." *United States v. St. Hubert,* 909 F.3d 335, 346 (11th Cir. 2018). Under *St. Hubert* this court is bound by *Griffin's* holding that *Johnson* does not apply to the residual clause of the mandatory career offender guidelines.

Movant's contention that *Griffin* undermined Beckles is also unavailing. The Supreme Court's decision in *Beckles* did not abrogate *Griffin* because *Beckles* did not decide or address whether the vagueness doctrine applies to the mandatory guidelines. A Supreme Court precedent does not overcome the prior-precedent rule, unless it is "squarely on point" and "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[s], the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). Because *Beckles* is not "squarely on point" and does not directly conflict with *Griffin*, this court is bound by *Griffin*.

## VII.    Conclusion

Since *Johnson* is not applicable to Movant's career offender sentence, he cannot rely on *Johnson* to restart the one-year limitations period. Even if the instant Motion were not barred by the one-year limitations period, it would be denied on the merits because under controlling precedent Movant is not entitled to relief.

## VIII.   Certificate of Appealability

A movant seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal and must obtain a Certificate of Appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a Certificate of Appealability only if the movant makes "a substantial showing of the denial of a

constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review of the record, a Certificate of Appealability should be granted because reasonable jurists would find the above assessment of the constitutional claims debatable.

The first issue on which a Certificate of Appealability should be granted is whether sentences imposed under the then mandatory pre-*Booker* sentencing guidelines are subject to a vagueness challenge. While the Eleventh Circuit has expressly held after *Johnson* that they are not subject to such a challenge in *Griffin*, reasonable jurists, including judges on the Eleventh Circuit, continue to debate the correctness of *Griffin*, and the Supreme Court's decision in *Beckles* did not conclusively settle this question one way or the other. *See, e.g., In re Sapp*, 827 F.3d 1334, 1337 (11th Cir. 2016) (Jordan, Rosenbaum, and Jill Pryor, JJ., concurring) (writing "separately to explain why we believe *Griffin* is deeply flawed and wrongly decided"); *In re McCall*, 826 F.3d 1308, 1310 (11th Cir. 2016) (Martin, J., concurring) (opining that *Griffin* was "wrongly decided"). Thus, a Certificate of Appealability should be issued as to whether sentences under the mandatory guidelines are subject to a vagueness challenge.

The second issue on which a Certificate of Appealability should be granted is on the precedential weight of published opinions in the context of applications for second or successive motions to vacate. While the Eleventh Circuit has recently held in *St. Hubert* that published orders deciding applications for leave to file second or successive motions to vacate are binding, the Eleventh Circuit declined to rehear the case *en banc* over considerable dissent from Judges Wilson,

10

Martin, Rosenbaum, and Jill Pryor. *See St. Hubert*, 909 F.3d at 346, *rehearing denied*, 918 F.3d 1174, 1196-1213 (11th Cir. 2019) (Wilson, Martin, Jill Pryor, and Rosenbaum, JJ., dissenting from denial of rehearing *en banc*), *cert. denied*, ___ U.S. ___, 140 S. Ct. 1727 (2020). In addition, in concurring in the Supreme Court's denial of certiorari in *St. Hubert*, Justice Sotomayor pointed out what she believed to be due process concerns regarding the Eleventh Circuit's handling of applications for second or successive motions to vacate. *See* ___ U.S. at ___, 140 S. Ct. at 1727-30 (Sotomayor, J., concurring in the denial of certiorari). Thus, reasonable jurist could find the determination of this issue debatable and a Certificate of Appealability should be issued as to the question of whether published orders deciding applications for leave to file second or successive motions to vacate are binding upon district courts in determining first filed motions to vacate.

## IX. Recommendation

Based on the foregoing, it is recommended that: (1) the stay of this case pending *Beckles* be lifted; (2) that this Motion to Vacate be **DISMISSED** as time-barred; and, (3) in the alternative, that the § 2255 motion be **DENIED**, since Movant's sentence is unaffected by the Supreme Court's *Johnson* decision, and Movant's career offender challenge is not cognizable on habeas corpus review. Finally, it is further recommended that a certificate of appealability issue as described, but the case be CLOSED by the Clerk of Court.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 4th day of November, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:     Sara W. Kane
        Assistant Federal Public Defender
        Florida Bar No. 98616
        150 W. Flagler Street, Suite 1700
        Miami, Florida 33130
        E-Mail Address: sara_kane@fd.org

        Alicia E. Shick
        United States Attorney's Office
        500 E Broward Boulevard
        7th Floor
        Fort Lauderdale, FL 33394
        Email: alicia.shick@usdoj.gov