UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 16-61155-CV-COOKE
(95-06031-CR-COOKE)

TRACY TURNER,

    Movant

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
AND ISSUING CERTIFICATE OF APPEALABILITY**

**THIS MATTER** was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. On November 4, 2020, Judge Reid issued a Report and Recommendation (ECF No. 30) recommending: (1) the stay of this case pending *Beckles v. United States*, 137 S. Ct. 886 (2017) be lifted; (2) that Movant's Motion to Vacate Sentence be dismissed as time-barred; (3) in the alternative, that Movant's Motion to Vacate Sentence be denied because Movant's sentence is unaffected by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and Movant's career offender challenge is not cognizable on habeas corpus review; and (4) that a certificate of appealability be issued as to whether sentences imposed under the then mandatory pre-*Booker* sentencing guidelines are subject to a vagueness challenge and the precedential weight of published opinions in the context of applications for second or successive motions to vacate.

I have considered Judge Reid's Report and Recommendation, and the objections thereto, and have made a *de novo* review of the record. Upon doing so, I find Judge Reid's Report and Recommendation to be clear, cogent, and compelling.

It is, therefore, **ORDERED and ADJUDGED** that Judge Reid's Report and

Recommendation (ECF No. 30) is **AFFIRMED and ADOPTED**. Accordingly, it is **ORDERED and ADJUDGED** as follows: a) the stay in this case is **LIFTED**; and b) Movant's Motion to Vacate Sentence (ECF No. 1) is **DISMISSED** as time-barred and, in the alternative, the Motion to Vacate Sentence is **DENIED** because Movant's sentence is unaffected by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and Movant's career offender challenge is not cognizable on habeas corpus review.

It is **FURTHER ORDERED and ADJUDGED** that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, a Certificate of Appealability shall issue as to: 1) whether sentences imposed under the then mandatory pre-*Booker* sentencing guidelines are subject to a vagueness challenge; and 2) the precedential weight of published opinions in the context of applications for second or successive motions to vacate. As to these issues, I find that "jurists of reason could disagree with the district court's resolution of [Movant's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003); *accord Lott v. Attorney Gen., Fla.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (explaining that a "petitioner need not show he will ultimately succeed on appeal" in order to warrant a certificate of appealability).

**DONE and ORDERED** in Chambers at Miami, Florida, this 28th day of April 2022.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Lisette M. Reid, U.S. Magistrate Judge*

*All counsel of record*

*Tracy Turner*
*30562-004*
*Estill Federal Correctional Institution*
*Inmate Mail/Parcels*
*Post Office Box 699*
*Estill, SC 29918*